# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK MARTELL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>X CORP.,<br><br>    Defendant. | Case No. 23-cv-5449 |

## NOTICE OF REMOVAL OF X CORP.

Pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant X Corp., by and through its undersigned counsel, hereby removes this action—with reservation of all defenses and rights—from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. For the sole and limited purpose of establishing the basis of this Court's jurisdiction, X Corp. assumes the truth of Plaintiff Mark Martell's allegations. This Court has jurisdiction over this action pursuant to CAFA because it is a putative class action with more than 100 members in the proposed class, there is minimal diversity, and the amount in controversy exceeds $5 million in the aggregate. This Court independently has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties and the amount in controversy for Plaintiff's individual claims exceeds the sum or value of $75,000.

### I.    FACTUAL BACKGROUND

1. X Corp. operates an online platform called X (formerly referred to as "Twitter"). X allows users to create and share ideas and information instantly through various product features,

including public posts. This Notice of Removal continues to refer to the online platform as "Twitter" throughout for ease of reference.

2. On July 11, 2023, Plaintiff filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, captioned *Mark Martell v. X Corp.*, Case No. 2023CH06416. A copy of the Complaint is attached hereto as **Exhibit 1**.

3. Plaintiff purported to effectuate service of the Complaint on X Corp. on July 14, 2023, and a copy of the summons and service of process receipt are attached hereto as **Exhibit 2**.

4. The Complaint asserts that X Corp. violated Plaintiff's rights under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), in a variety of ways, including because X Corp. allegedly failed to develop a written policy for the retention and destruction of biometric identifiers and biometric information that was made available to the public, in violation of 740 ILCS 14/15(a); allegedly collected Plaintiff's biometric identifiers or biometric information without providing notice and obtaining his written consent, in violation of 740 ILCS 14/15(b); allegedly sold or otherwise profited from Plaintiff's biometric identifiers or biometric information, in violation of 740 ILCS 14/15(c); and allegedly disclosed or disseminated Plaintiff's biometric identifiers or biometric information to third parties, in violation of 740 ILCS 14/15(d). *See* Ex. 1 ("Compl.") ¶¶ 24-41, 48-61.

5. Plaintiff purports to bring this action on behalf of himself and a putative class of "[a]ll Illinois residents whose biometric identifiers and/or biometric information were collected, captured, otherwise obtained, stored, used, transmitted, or disseminated by Defendant, by way of Defendant's use of software to analyze images containing said resident's faces uploaded by said resident to Twitter." *Id.* ¶ 42. The Complaint alleges that the number of putative class members is "believed to amount to thousands if not millions of persons." *Id.* ¶ 44.

## II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

6. This case is removable, and this Court has jurisdiction pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed class, on the one hand, and X Corp., on the other, are citizens of different states; and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

7. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). X Corp. must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied, *Dart Cherokee*, 574 U.S. at 89. Thus, while X Corp. denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of CAFA's jurisdictional requirements is satisfied here.

### A. This Is a Putative Class Action In Which the Proposed Class Exceeds 100 Members

8. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. This lawsuit meets that definition. Plaintiff sues "on behalf of himself" and a proposed class of "[a]ll Illinois residents whose biometric identifiers and/or biometric information were collected, captured, otherwise obtained, stored, used, transmitted, or disseminated by Defendant," pursuant to the Illinois class action statute, 735 ILCS 5/2-801. Compl. ¶ 42; *see* 735

ILCS 5/2-801 ("An action may be maintained as a class action in any court of this State . . . only if the court finds: (1) [t]he class is so numerous that joinder of all members is impracticable"; (2) "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; (3) "[t]he representative parties will fairly and adequately represent the interest of the class"; and (4) "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy.").

10. CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

11. As noted, the Complaint alleges that the class is "believed to amount to thousands if not millions of persons." Compl. ¶ 104. Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B. There Is Minimal Diversity Among the Parties

12. To establish federal jurisdiction, a defendant must show only minimal diversity, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal therefore is proper when even one proposed class representative or class member is a citizen of a state different from a defendant's state of citizenship. *See Dart Cherokee*, 574 U.S. at 552 (noting that the parties must be "minimally diverse" to warrant removal under CAFA).

13. Plaintiff alleges that X Corp. "is an American technology company established in 2023 as a successor to Twitter, Inc." that is "headquartered in Carson City, Nevada." Compl. ¶ 18. The Complaint does not allege X Corp.'s citizenship for purposes of diversity jurisdiction, and its allegation regarding X Corp.'s headquarters is incorrect. At the time this lawsuit was filed and to the present, X Corp. was and remains a privately held corporation, incorporated in Nevada and with its principal place of business in San Francisco, California. Accordingly, X Corp. is a citizen of the States of Nevada and California for purposes of diversity jurisdiction. *See* 28 U.S.C.

§ 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the filing of the complaint).

14. Plaintiff alleges that he "is, and has been at all times, a resident of Chicago, Illinois," and that "he has an intent to remain there and is therefore domiciled in Illinois." *Id.* ¶ 17. Plaintiff is therefore a citizen of the State of Illinois for purposes of diversity jurisdiction. In addition, given that the putative class is defined as "[a]ll Illinois residents whose biometric identifiers and/or biometric information were collected, captured, otherwise obtained, stored, used, transmitted, or disseminated by Defendant, by way of Defendant's use of software to analyze images containing said resident's faces uploaded by said resident to Twitter," *id.* ¶ 42, many if not most of the unnamed members of the putative class are likely to be Illinois citizens.

15. Diversity of citizenship thus exists between X Corp. and at least one member of the putative class. The minimal diversity requirement is therefore satisfied.

### C. The Amount In Controversy Exceeds $5 Million

16. X Corp. denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

17. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in

controversy is determined by aggregating the value of the claims of each putative class member based on the allegations in the operative complaint. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million."). Where a complaint does not state a dollar amount, the defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81. Any assessment of the total amount in controversy must take into consideration not only damages, but also the expenses that would be associated with an order enjoining X Corp.'s alleged unlawful conduct. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (considering the costs of a defendant's compliance with the requested injunctive relief as part of the amount-in-controversy analysis for purposes of CAFA); *see also Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (determining that the "costs of compliance [with court-ordered injunctive relief] are properly considered in computing the amount in controversy" under a previous version of 28 U.S.C. § 1331).

18. Plaintiff seeks, among other things, (i) statutory damages of $1,000 for "each and every" negligent violation of BIPA or $5,000 for "each and every" intentional or reckless violation of BIPA; and (ii) "injunctive and other equitable relief as is necessary to protect the interests of the Class." Compl. at Prayer for Relief ¶¶ C-D.

19. Although the Complaint does not identify a total dollar amount of damages, Plaintiff alleges that "thousands if not millions of persons" were impacted by the conduct that forms the basis of his claims and would qualify for membership in the proposed class. *Id*. ¶ 44. Because Plaintiff seeks statutory damages of $5,000 for each allegedly intentional or reckless

violation of BIPA, the amount in controversy easily exceeds $5,000,000. Indeed, the amount in controversy exceeds $5,000,000 even if the putative class were on the low end of Plaintiff's estimate—"thousands" of people. *Id.* ¶ 44. Because Plaintiff alleges damages of up to $5,000 per *person* per alleged *violation*, and because Plaintiff alleges that X Corp. violated BIPA at least four times per person (i.e., $20,000 per person), *id.* ¶¶ 48-61, the $5,000,000 threshold is reached with only 250 members of the proposed class. And even if Plaintiff alleged only one violation of BIPA per proposed class member, the $5,000,000 threshold is reached with only 1,000 members of the proposed class, fewer than the "thousands" alleged in the Complaint. CAFA's amount in controversy requirement accordingly is satisfied.

### III. THIS COURT ALSO HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

20. A federal court has diversity jurisdiction over an action if two requirements are met: (1) there is complete diversity of citizenship between the plaintiff and the defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). As shown below, each of these requirements is met here.

#### A. Complete Diversity Exists Between Plaintiff And X Corp.

21. As noted above, Plaintiff is a citizen of the State of Illinois and X Corp. is a citizen of the States of Nevada and California for purposes of diversity jurisdiction.

22. Accordingly, complete diversity of citizenship exists between Plaintiff and X Corp. *See* 28 U.S.C. § 1332(a)(1).

#### B. Plaintiff's Claims Place In Controversy More Than $75,000

23. The Complaint alleges that Plaintiff is entitled to statutory damages of $5,000 for "each and every" intentional or reckless violation of BIPA. Compl. ¶ 59 & Prayer for Relief ¶ C. The Complaint further alleges that X Corp. violated Sections 15(a), 15(b), 15(c), and 15(d) of

BIPA. *Id.* ¶¶ 24-34, 48-61. Given these allegations, the Complaint seeks damages for Plaintiff of at least $20,000.

24. Plaintiff seeks injunctive relief as well, which is properly included in the amount-in-controversy calculation. *See Keeling*, 660 F.3d at 274. Although the Complaint fails to identify the specific injunctive relief sought, it seeks, on the incorrect assumption that X Corp. is not complying with BIPA, "injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA." Compl. at Prayer for Relief ¶ D. That request for injunctive relief, if ordered by the Court, could impose costs on X Corp. well in excess of an additional $55,000.

25. X Corp. denies any and all liability, contends that the Complaint's allegations are entirely without merit, and submits that neither damages nor injunctive relief is warranted. For purposes of this Notice of Removal, however, taking the Complaint's factual and legal allegations as true, the amount in controversy for Plaintiff's individual claims alone exceeds $75,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement for diversity jurisdiction.

### IV. COMPLIANCE WITH REMOVAL STATUTE

26. The Notice of Removal was properly filed in this District because the Circuit Court of Cook County, Illinois, is located in this District. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

27. The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

28. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as **Exhibits 1 and 2** are true and correct copies of the Complaint (Exhibit 1) and all process, pleadings, and orders served upon X Corp. (Exhibit 2). A copy of the Circuit Court of Cook County, Illinois docket

sheet is attached as **Exhibit 3**. X Corp. has not filed an answer or other response to the Complaint in state court prior to removal. Plaintiff filed a motion for class certification in state court on July 12, 2023, which is attached as **Exhibit 4**. Apart from the motion for class certification, X Corp. is not aware of any pending motions filed under Illinois procedural rules in state court.

29. The Notice of Removal is filed within 30 days of service of the Complaint on X Corp., and therefore this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1). *See* Fed. R. Civ. P. 6(a)(1)(C); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 822 & n.1 (7th Cir. 2013) (notice of removal was timely filed 32 calendar days after the start of the removal clock because "the 30th calendar day after the response was Sunday, January 20, 2023, and the following day was Martin Luther King, Jr. Day, a federal holiday"); *Gold Town Corp. v. United Parcel Serv., Inc.*, 519 F. Supp. 3d 169, 174 (S.D.N.Y. 2021) (rejecting the plaintiff's argument that the notice of removal was untimely where it was filed 32 days after service because "UPS was served on July 9, 2020," making the 30-day calendar deadline fall on a Saturday and shifting the notice of removal deadline to the following Monday pursuant to Fed. R. Civ. P. 6(a)(1)(C)); *Osgood v. Main Streat Marketing, LLC*, No. 16cv2415, 2016 WL 6698952, at *3 (S.D. Cal. Nov. 15, 2016) (determining that the deadline for filing a notice of removal was 31 calendar days after the start of the removal clock because the 30-day deadline fell on a Sunday, thereby shifting the removal period "until the end of the next day that is not a . . . Sunday").

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is today being filed with the Clerk of the Circuit Court of Cook County, Illinois.

31. X Corp. reserves the right to amend or supplement this Notice of Removal. X Corp. further reserves all rights and defenses, including those available under the Federal Rules of Civil Procedure and any other applicable rules, statutes, or case law.

## V. JURY TRIAL DEMAND

32. X Corp. demands a trial by jury of all issues so triable.

## VI. CONCLUSION

X Corp. respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. X Corp. further requests such other relief as the Court deems appropriate.

Dated: August 14, 2023

Respectfully submitted,

/s/ *Robert C. Collins III*
Robert C. Collins III, one of the Attorneys for Defendant X Corp.

Robert C. Collins III (Illinois Bar No. 6304674)
  robert.collins@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
  kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

# CERTIFICATE OF SERVICE

I, Robert C. Collins III, hereby certify that I caused a copy of the foregoing to be served on the parties listed below, by email and prepaid, First Class United States mail, on August 14, 2023.

Carl V. Malmstrom
WOLF HALDENSTEIN ADLER FREEMEN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

Philp L. Fraietta
Joseph I. Marchese
Matthew A. Girardi
Julian C. Diamond
BURSOR & FISHER, P.A.
1300 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

/s/ *Robert C. Collins III*
Robert C. Collins III, One of the Attorneys for Defendant X Corp.

Robert C. Collins III (Illinois Bar No. 6304674)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:    robert.collins@lw.com