# EXHIBIT 1

Hearing Date: 11/9/2023 10:00 AM
Location: Court Room 2410
Judge: Loftus, Anna M.

Case: 1:23-cv-05449 Document #: 12-2 Filed: 08/14/23 Page 2 of 17 PageID #:17

FILED
7/11/2023 5:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH06416
Calendar, 15
23491185

FILED DATE: 7/11/2023 5:38 PM   2023CH06416

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MARK MARTELL, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>X CORP.,<br><br>Defendant. | Case No.: 2023CH06416 _____<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Mark Martell ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant X Corp. ("Defendant" or "Twitter"). Plaintiff alleges as follows based on personal knowledge as to himself, on the investigation of his counsel, and on information and belief as to other matters, and demands trial by jury.

## NATURE OF ACTION

### A. BIPA

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to,

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including but not limited to fingerprints, iris scans, voiceprints, DNA, and "face geometry."

[2] "Biometric information" is any information that is captured, converted, stored, or shared based on a person's biometric identifier and used to identify an individual.

collectively, as "biometrics") without providing the requisite written notice, obtaining the requisite prior informed written consent, or providing the requisite data retention and destruction policies, in direct violation of BIPA.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities like Defendant may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be collected or stored, *see* 740 ILCS 14/15(b); (2) inform that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored, and used, *see id.*; and (3) receive a written release from the person for the collection of his or her biometric identifiers or information, *see id.*

4. Moreover, entities collecting biometric identifiers and biometric information must publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

5. Further, entities must store, transmit, and protect an individual's biometric identifiers and biometric information using the same standard of care as within the industry and in

2

FILED DATE: 7/11/2023 5:38 PM 2023CH06416

a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 14/15(e).

6. Finally, entities are expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *See* 740 15/15(c).

**B. Defendant's Biometric Collection Practices.**

7. Defendant X Corp. is a privately held corporation that owns and operates Twitter, an online social media and social networking service. On Twitter, users post texts, photos and videos known as "tweets." Registered users can tweet, like, "retweet" tweets, and direct message other registered users, while unregistered users only have the ability to view public tweets. Users interact with Twitter through browser or mobile frontend software, or programmatically via its APIs.

8. Since approximately 2015, Twitter has implemented software to police pornographic and other not-safe-for-work ("NSFW") images uploaded to the site.[3] NSFW images are then "tagged" by Twitter as such, preventing them from being viewed by people who do not wish to view them.

9. But in analyzing each image uploaded to Twitter to determine whether it contains nudity (or any other qualities that Twitter deems objectionable), Twitter (1) actively collects, captures, and/or otherwise obtains; (2) stores; and/or (3) makes use of the biometric identifiers and biometric information of any individual included in each photo.

10. Yet Defendant has failed to comply with the foregoing provisions of § 15(a) and § 15(b) of BIPA.

---

[3] *See, e.g.*, https://www.wired.com/2015/07/twitters-new-ai-recognizes-porn-dont/

3

11. Defendant has not adequately informed individuals who have interacted (knowingly or not) with Twitter, that it collects and/or stores their biometric identifiers in every photograph containing a face that is uploaded to Twitter.

12. Defendant has not adequately informed such individuals of the specific purpose and length of term for which their biometric identifiers are collected, stored, and/or used.

13. Defendant has not obtained written consent from such individuals regarding its biometric practices.

14. And Defendant has not provided any data retention or destruction policies to such individuals.

15. If Defendant's collection of biometric identifiers and biometric information were to fall into the wrong hands, by data breach or otherwise, the individuals to whom these sensitive and immutable biometric identifiers and biometric information belong could have their identities stolen, among other serious issues.

16. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents, and to recover statutory damages for Defendant's unauthorized collection, storage, and use of these individuals' biometrics in violation of BIPA.

## PARTIES

17. Plaintiff Mark Martell ("Plaintiff") is, and has been at all relevant times, a resident of Chicago, Illinois. He has an intent to remain there and is therefore domiciled in Illinois. Plaintiff Martell's biometric identifiers were collected, captured, otherwise obtained, and/or stored by Defendant in or around March 2023 when Plaintiff Martell, while he was located within the state of Illinois, "tweeted" a photograph including his face on Twitter. When Plaintiff uploaded this photo, Twitter analyzed it for nudity, and, in doing so, (1) collected, captured, and/or otherwise

4

obtained; (2) stored; and/or (3) made use of the biometric identifiers and biometric information of Plaintiff.

18. Defendant X Corp. is an American technology company established in 2023 as a successor to Twitter, Inc. X Corp. is headquartered in Carson City, Nevada. Defendant maintains a registered agent in Illinois, is licensed to conduct business in Illinois, and does, in fact, conduct substantial business (including business stemming from and/or related to its Twitter social media and social networking service) throughout Illinois, including in Cook County.

## JURISDICTION AND VENUE

19. This Court has personal jurisdiction over Defendant because (1) during the relevant time period, Defendant was registered to and did, in fact, conduct business in Illinois, (2) the biometrics that give rise to this lawsuit belong to Illinois residents, and (3) the biometrics that give rise to this lawsuit were collected, by Defendant, from individuals located in Illinois.

20. Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because Defendant conducts its usual and customary business in this County. 735 ILCS 5/2-102(a).

## FACTUAL BACKGROUND

**I.  Illinois's Biometric Information Privacy Act**

21. In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

> (l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

FILED DATE: 7/11/2023 5:38 PM  2023CH06416

> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22. Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23. As alleged below, Defendant's practices of collecting, storing, and/or using individuals' biometric identifiers and biometric information without obtaining informed written consent violate all three prongs of § 15(b) of BIPA. Additionally, Defendant's failure to provide a publicly available written policy regarding a schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information violates § 15(a) of BIPA.

**II.     Defendant Violates Illinois's Biometric Information Privacy Act**

24. Defendant utilizes a software called "PhotoDNA" to detect explicit images. PhotoDNA is developed by Microsoft. In 2015, Microsoft made PhotoDNA available as a service on its Microsoft Azure platform.[4]

---

[4] https://www.microsoft.com/en-us/photodna

6

25. PhotoDNA creates a unique digital signature (known as a "hash") of an image which is then compared against signatures (hashes) of other photos to find copies of the same image.[5]



26. PhotoDNA is used by Defendant in a manner that violates BIPA.

27. Specifically, under BIPA, "'Biometric identifier' means a retina or iris scan, fingerprint, voiceprint, or **scan of hand or face geometry**." See 740 ILCS 14/10. As is clear from the exemplar image above, creating a unique digital signature, or "hash," from any image containing a person's face necessitates creating a scan of that person's facial geometry.

28. The creation of a unique image "hash" does not fall under any of BIPA's carveouts for "Biometric Identifiers." See 710 ILCS 14/10.

29. Defendant possesses "hashes" of all images uploaded to Twitter.

30. Thus, Defendant (1) actively collects, captures, and/or otherwise obtains; (2) stores; and/or (3) makes use of the biometric identifiers of every person whose face appears in a photograph uploaded to Twitter.

31. Yet Defendant has failed to comply with the foregoing provisions of § 15(a) and § 15(b) of BIPA.

---

[5] *Id.*

### III. Plaintiff's Experience

32.     Plaintiff Mark Martell's biometric identifier (a scan of his facial geometry) and biometric information was collected, captured, otherwise obtained, and/or stored by Defendant in or around March 2023, when he was (1) located in Illinois and (2) interacting with Twitter. Specifically, Plaintiff "tweeted" a photograph including his face on Twitter. When Plaintiff uploaded this photo, Twitter analyzed it for nudity, and, in doing so, (1) collected, captured, and/or otherwise obtained; (2) stored; and/or (3) made use of the biometric identifiers and biometric information of Plaintiff.

33.     By use of the PhotoDNA software, as described above, Defendant (1) actively collected, captured, and/or otherwise obtained; (2) stored; and/or (3) made use of the biometric identifiers and biometric information from a multitude of Twitter users, including Plaintiff.

34.     That is to say, Defendant's having (1) collected, captured, and/or otherwise obtained; (2) stored; and/or (3) made use of Mr. Martell's biometric identifier(s) was, lamentably, not anomalous.

35.     However, at no time did Plaintiff receive notice from Defendant, in writing or any other form, that Defendant was collecting, storing, and using his biometrics.

36.     At no time did Plaintiff receive notice from Defendant, in writing or any other form, of the specific purpose and length of term for which his biometrics were being collected, stored, and used by Defendant.

37.     At no time was Plaintiff asked, by Defendant, to provide consent for Defendant to collect, store, or use his biometrics.

38.     At no time did Plaintiff give Defendant permission in writing or any other form for – or otherwise consent or agree to – the collection, storage, or use of his biometrics.

8

39. Likewise, Defendant never provided Plaintiff with any opportunity to prohibit or prevent the collection, storage, or use of his biometrics.

40. Upon information and belief, at no time, while possessing Plaintiff's biometric data, did Defendant maintain publicly available retention and deletion schedules for biometric data.

41. By collecting Plaintiff's unique biometrics without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in his biometrics.

## CLASS ALLEGATIONS

42. **Class Definition**: Plaintiff Mark Martell brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois residents whose biometric identifiers and/or biometric information were collected, captured, otherwise obtained, stored, used, transmitted, or disseminated by Defendant, by way of Defendant's use of software to analyze images containing said resident's faces uploaded by said resident to Twitter.

43. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

44. **Numerosity:** Pursuant to 735 ILCS 5/2-801 (1), the numbers of persons within the Class and Subclasses are substantial, each believed to amount to thousands if not millions of

9

persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendants' records.

45. **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that they collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant destroyed Plaintiff's and the Class's biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

(f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

10

46. **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Class. Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, add additional claims as may be appropriate, or amend the Class definition to address any steps that Defendant took.

47. **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

11

**COUNT I – FOR DAMAGES AGAINST DEFENDANT**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. Defendant X Corp. is a corporation and qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

50. BIPA requires that private entities, such as Defendant, obtain informed written consent from individuals before acquiring their biometrics. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

51. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

52. In using Microsoft's PhotoDNA software to analyze photographs containing Twitter users' faces uploaded to Twitter for NSFW content, Defendant (1) actively collects,

12

captures, and/or otherwise obtains; (2) stores; and/or (3) makes use of individuals' (Twitter users') biometric identifiers.

53. On information and belief, Defendant disclosed the results of said analysis to third parties, including but not limited to its affiliates and/or Microsoft.[6]

54. Defendant did so without valid consent, without complying with, and, thus, in violation of BIPA.

55. Defendant's practices with respect to capturing, collecting, storing, and using Plaintiff's and the Class members' biometrics fail to comply with applicable BIPA requirements:

a. Defendant failed to inform Plaintiff and the other members of the Classes in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and the other Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the other Class members in writing of the specific length of term for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and,

---

[6] *See, e.g.*, https://twitter.com/en/privacy#twitter-privacy-2 ("We may share information amongst our affiliates to provide our products and services.")

13

f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics for purposes of data retention and storage of the same, as required by 740 ILCS 14/15(d)(1).

56. By using the biometrics mentioned *supra* to further refine its technologies and/or provide services to its users, including but not limited to tagging images as NSFW, Defendant profited from Plaintiff's and the other Class members' biometrics, in violation of 740 ILCS 14/15(c). In addition, by policing NSFW images on Twitter, Defendant reaped increased profits through advertiser revenue, in the form of monies paid by advertisers who would not have otherwise advertised on Twitter absent such policing.

57. Defendant knew, or was reckless in not knowing, that the software it was using would be subject to the provisions of BIPA, yet Defendant failed to comply with the statute.

58. By capturing, collecting, storing, using, and/or disseminating Plaintiff's and the other Class members' biometrics as described herein, Defendant denied Plaintiff and the other Class members their rights to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

59. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

60. Defendant's violations of BIPA, a statute that has been in effect in all relevant times, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

61. Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

14

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mark Martell, on behalf of himself and the proposed Class, respectfully request that this Court enter an Order:

A.  Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing their counsel as Class Counsel;

B.  Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS l4/1, *et seq.*;

C.  Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if Defendant's violations are found to have been committed negligently;

D.  Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E.  Awarding Plaintiff and the Class reasonable litigation expenses and attorneys' fees;

F.  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.  Awarding such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Dated: July 11, 2023　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Carl V. Malmstrom*
　　　　　　　　　　　　　　　　　　**WOLF HALDENSTEIN ADLER**

15

**FREEMAN & HERZ LLC**
Attorney No. 38819
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**BURSOR & FISHER, P.A.**
Philip L. Fraietta
ARDC No. 6337165
Joseph I. Marchese
ARDC No. 6340405
Matthew A. Girardi*
Julian C. Diamond*
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com
mgrardi@bursor.com
jdiamond@bursor.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*

16