IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MARTELL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>X CORP.,<br><br>    Defendant. | Case No. 23-cv-5449<br><br>Hon. Rebecca R. Pallmeyer<br><br>Hon. Beth W. Jantz |

**X CORP.'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL X CORP.'S LOCAL RULE 3.2 NOTIFICATION AS TO AFFILIATES AND CERTAIN INFORMATION IN SUPPORT OF EMPLOYEE DECLARATION**

Pursuant to Local Rule 26.2, Defendant X Corp. moves for an order permitting it to file under seal (A) X Corp.'s Local Rule 3.2 Notification of Affiliates ("Local Rule 3.2 Notification"), and (B) certain information contained in the Declaration of X Corp. Employee in Support of X Corp.'s Motion for Leave to File Under Seal ("X Corp. Employee Declaration"). X Corp. also requests leave to forego service of the Local Rule 3.2 Notification on Plaintiff's counsel. Plaintiff's counsel confirmed that Plaintiff does not oppose the relief requested in this Motion. In conjunction with this Motion, X Corp. publicly files a document noting that the Local Rule 3.2 Notification has been filed under seal and a redacted version of the X Corp. Employee Declaration, and provisionally files under seal unredacted versions of those documents. In support of this Motion, X Corp. states as follows:

    **A.    This Court Should Allow X Corp.'s Local Rule 3.2 Notification To Be Filed Under Seal**

    1.    There is a presumption in favor of the public right to access documents that are "used in a court proceeding" and that "could influence or underpin the judicial decision." *Bond v.*

*Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (internal quotation marks omitted). Good cause is required to seal any portion of the judicial record from public view. *See Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Such good cause may be shown when a document to be sealed "meet[s] the definition of trade secret or other categories of bona fide long-term confidentiality." *Id.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *see also* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting protection of "trade secrets" and other "confidential commercial information").

2. Good cause exists to seal the Local Rule 3.2 Notification here. Local Rule 3.2 requires any nongovernmental party to file a "Notification of Affiliates," with "affiliate" being "defined as any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party." The sole purpose of such notification is to enable the assigned judge to consider whether any conflict exists that would require recusal.[1]

3. In compliance with Local Rule 3.2, X Corp. concurrently files provisionally under seal its Local Rule 3.2 Notification. The identities of the owners/shareholders of X Corp.'s parent company, X Holdings Corp. ("X Holdings"), constitute private and confidential business information that is not publicly available, and the disclosure of which would result in injury. Therefore, X Corp. requests that the Court authorize X Corp. to file under seal its Local Rule 3.2 Notification and grant it permission to forego service of the Local Rule 3.2 Notification on Plaintiff's counsel. Plaintiff does not oppose the requests in this Motion. In accordance with Local Rule 26.2(c)(2), X Corp. has filed a document in the public record noting that the Local Rule 3.2 Notification has been filed under seal.

---

[1] *See* https://www.ilnd.uscourts.gov/Pages.aspx?HpsMXrN9xtFP7QrcjUvJLYoPUX3LHPnS9waSI6Z1uTHaiOYJC6YJzQ== (noting that a Notification of Affiliates under Local Rule 3.2 is intended to "bolster the Court's conflict-checking measures") (last accessed Aug. 10, 2023).

4. The identities of X Holdings' owners/shareholders constitute sensitive confidential and private business information. *See* Declaration of X Corp. Employee ("X Corp. Employee Decl.") ¶ 3. As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners or shareholders and treats such information as confidential. *Id.* Individuals and entities investing in and taking an ownership interest in a private corporation such as X Holdings expect that their investment information will remain private. *Id.* The public disclosure of such information violates this expectation of privacy. *Id.* Moreover, in certain cases, X Holdings is contractually bound to keep such information confidential. *Id.*

5. Denying X Corp.'s request for sealing would cause injury to the affiliate(s) whose identity(ies) would be disclosed in a public court filing, and to X Holdings by revealing its confidential business information. The disclosure of information regarding X Holdings' owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests. *Id.* ¶ 4. To that end, X Corp. and X Holdings have implemented and maintained policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain non-public information, permitting access to documents and data on a need-to-know-basis, and requiring employees to sign confidentiality agreements. *Id.* The act of disclosing (and making public) financial information protected by a right of privacy itself constitutes an injury to owners' privacy interests. No less restrictive alternative exists to sealing this information that would be sufficient to protect the interests at stake here.

6. As noted above, the sole purpose of the Local Rule 3.2 Notification is to allow the assigned judge to determine whether a conflict exists that would necessitate recusal and has no bearing on the resolution of any dispositive or other motions. Thus, no legitimate purpose would be served by publicly disclosing this private and confidential information, especially given the commercial and privacy injuries that such disclosure would cause.

7. Filing the Local Rule 3.2 Notification *under seal* would fully comply with and promote the purposes underlying Federal Rule of Civil Procedure 7.1 and Local Rule 3.2. Federal Rule of Civil Procedure 7.1 serves to "support properly informed disqualification decisions" by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002. Similarly, Local Rule 3.2 is intended to aid the Court in determining whether any potential conflicts of interest exist that would lead the assigned Judge to recuse him or herself. As a result, filing the Local Rule 3.2 Notification under seal fully satisfies all competing interests—allowing the Court to determine whether a conflict exists while simultaneously safeguarding confidential and private business and financial information and preventing potential misuse of this information. *See Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932, 2014 WL 5687730, at *2 (D. Nev. Nov. 4, 2014) (granting a defendant's motion to file a redacted certification of interested parties under Federal Rule of Civil Procedure 7.1 because sealing the limited disclosure would "(1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential litigation abuses that will needlessly increase the cost of litigation").

8. Federal Rule of Civil Procedure 7.1 and Local Rule 3.2 serve the Court and its interests in avoiding potential conflicts of interest. Plaintiff does not oppose this Motion, and X Corp. is making compliant disclosures that afford this Court the opportunity to assess whether any conflict of interest exists. Courts have considered and agreed with these arguments in connection

4

with requests by X Corp., among others, to seal the information here. *See, e.g., Global Data Strategy, Ltd v. Twitter, Inc.,* No. 3:23-cv-02266, Dkt. No. 20 (N.D. Cal. June 26, 2023).

9. For these reasons, X Corp. respectfully moves this Court to grant this Unopposed Motion for Leave to File Under Seal and forego service of the sealed Local Rule 3.2 Notification on Plaintiff's counsel.

> **B. Certain Information In The X Corp. Employee Declaration Should Be Filed Under Seal**

10. Pursuant to Local Rule 26-2, X Corp. also requests to file under seal certain information contained in the Employee Declaration in support of this Motion. In accordance with Local Rule 26.2(c)(2), X Corp. has filed a redacted version of its Employee Declaration in the public record.

11. X Corp. proposes a narrow sealing solely to redact the name and identifying information of the declarant. Plaintiff does not oppose this request.

12. Permitting X Corp. to file the narrowly redacted X Corp. Employee Declaration would protect the declarant from threats, harassment, and an invasion of privacy if their identity were disclosed, without undermining public access to the substantive information contained in the X Corp. Employee Declaration. *See, e.g.*, *EEOC v. Dial Corp.*, No. 99 C 3356, 2000 WL 684195, at *3 (N.D. Ill. May 16, 2000) (finding good cause for sealing information "specifically identifying the persons about which information is given, whether by deposition or otherwise," to avoid the risk of their reputations being unfairly affected "if identification were made").

13. Courts routinely seal similar information due to privacy concerns. *See, e.g.*, *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966, 2015 WL 5355398, at *2 (N.D. Cal. Sep. 14, 2015) (ordering redaction of names of defendant's employees and finding information "implicates important privacy concerns of non-parties—whose names are not relevant to the disposition of this case—

that outweigh the public's interest in disclosure"); *In re Bofi Holding, Inc. Sec. Litig.*, No. 3:15-cv-02324, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016) (finding the "fear [of] retaliation and potential harassment" of employees constituted "compelling reasons that outweigh the public's interest in disclosure" of identities).

14. X Corp.'s redactions are narrowly tailored to seek sealing of only that material that is necessary to protect the declarant and that is not relevant to the substance of this case. *See K.C. v. Individual Members of Med. Licensing Bd. of Ind.*, No. 1:23-cv-00595, 2023 WL 3978425, at *1 (S.D. Ind. June 13, 2023) (stating that the presumption in favor of public access is designed to safeguard the disclosure of "materials that 'influence or underpin' a decision by the Court" (quoting *Baxter*, 297 F.3d at 545)); *Belbachir v. United States*, Nos. 08 C 50193, 06 C 1392, 2012 WL 5471938, at *3 (N.D. Ill. Nov. 9, 2012) (determining that redactions were proper because "[n]one of the redacted information 'formed the basis of the parties' dispute and the [court's] resolution'" (quoting *Baxter*, 297 F.3d at 548)). Here, as in other cases, the declarant's "name[] [is] not relevant to the disposition of this case," and "implicates important privacy concerns . . . that outweigh the public's interest in disclosure," such as possible security concerns, threats, or harassment. *Hunt*, 2015 WL 5355398, at *2. There is no less restrictive alternative to sealing because X Corp. seeks to redact only the declarant's name and minimal identifying information.

WHEREFORE, X Corp. respectfully requests that this Court grant this Unopposed Motion for Leave to File Under Seal the Local Rule 3.2 Notification and identifying information in the X Corp. Employee Declaration, grant X Corp. permission to forego service of the sealed version of its Local Rule 3.2 Notification on Plaintiff's counsel, and grant any other relief that the Court deems appropriate.

Dated: August 14, 2023

Respectfully submitted,

/s/ *Robert C. Collins III*
Robert C. Collins III, one of the Attorneys for Defendant X Corp.

Robert C. Collins III (Illinois Bar No. 6304674)
  robert.collins@lw.com
Kathryn A. Running (Illinois Bar No. 6330369)
  kathryn.running@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

## CERTIFICATE OF SERVICE

I, Robert C. Collins III, hereby certify that I caused a copy of the foregoing to be served on the parties listed below by email on August 14, 2023, and by prepaid, First Class United States mail on August 15, 2023.

Carl V. Malmstrom
WOLF HALDENSTEIN ADLER FREEMEN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
E-mail: malmstrom@whafh.com

Philp L. Fraietta
Joseph I. Marchese
Matthew A. Girardi
Julian C. Diamond
BURSOR & FISHER, P.A.
1300 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
jmarchese@bursor.com
pfraietta@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

/s/ *Robert C. Collins III*
Robert C. Collins III, One of the Attorneys for Defendant X Corp.

Robert C. Collins III (Illinois Bar No. 6304674)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: robert.collins@lw.com